UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

FILED
JUL -2 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY<br>P.O. Box 150006<br>Raleigh, North Carolina 27624-0006<br><br>Plaintiff,<br><br>v.<br><br>THE FUTURA GROUP, L.L.C.<br>SERVE: Stacy S. Temple, Registered Agent<br>       Tomlin Temple PC<br>       291 Independence Blvd.<br>       Pembroke Four, Suite 219<br>       Virginia Beach, VA 23462<br><br>and<br><br>BAY REFLECTIONS, L.L.C.<br>SERVE: Michael A. Inman, Registered Agent<br>       Inman & Strickler<br>       575 Lynnhaven Parkway, Suite 200<br>       Virginia Beach, VA 23452<br><br>and<br><br>BENJAMIN R. PROTO AND HOLLY PROTO<br>10 Bradford Point<br>Virginia Beach, Virginia 23452<br><br>Defendants. | 2: 10CV324<br>Civil Action No._____ |

COMPLAINT
(Declaratory Judgment)

Plaintiff Builders Mutual Insurance Company ("Builders Mutual"), by counsel, by and for its cause of action against Defendants Bay Reflections LLC ("Bay Reflections"), The Futura Group, L.L.C. ("Futura"), and Benjamin R. Proto and Holly Proto (the "Protos"), states and

1

alleges as follows:

## PARTIES

1. Plaintiff Builders Mutual Insurance Company ("Builders Mutual") is a mutual insurance company incorporated under the laws of North Carolina with its principal place of business in North Carolina.

2. Defendant The Futura Group, L.L.C. ("Futura") is a Virginia limited liability company with its principal place of business in the Commonwealth of Virginia. Defendant Bay Reflections LLC ("Bay Reflections") is a Virginia limited liability company with its principal place of business in the Commonwealth of Virginia.

3. Defendants Benjamin R. Proto and Holly Proto are residents of Virginia Beach, Virginia.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 1332 because there is an actual controversy within this jurisdiction, Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C. § 1391. All defendants reside or are located in this Division, as is the relevant property; and the policy of insurance was delivered here.

6. Pursuant to 28 U.S.C. § 2201, Builders Mutual is entitled to seek a declaration of its obligations under one or more contracts of insurance it issued to Futura and Bay Reflections.

## FACTS COMMON TO ALL COUNTS

7. Builders Mutual issued certain Commercial Package Policies to Futura and Bay Reflections, including without limitation Policy No. CPP 0008005 04 for the policy period from

February 15, 2006 to February 15, 2007, CPP 0008005 05 for the policy period from February 15, 2007 to October 1, 2007, CPP 0008005 06 for the policy period from October 1, 2007 to October 1, 2008, and CPP 0008005 07 for the policy period from October 1, 2008 to October 1, 2009 (collectively, the "Policies"). The limits of coverage under each of the foregoing policies is $1 million per occurrence and $2 million aggregate.

8. On April 21, 2009, the Protos filed a Complaint in Case No. CL09-2455 against Futura and certain other defendants in the Circuit Court for the City of Virginia Beach, Virginia. The Complaint asserts causes of action against Futura for breach of contract (Count I), breach of express warranty (Count II), breach of implied warranties (Count III), negligence (Count IV), negligence per se (Count V), unjust enrichment (Count VI), private nuisance (Count VII), equitable relief, injunctive relief, and medical monitoring (Count VIII), breach of implied warranty of merchantability (Count IX), breach of implied warranty of fitness for a particular purpose (Count X), and violation of the Virginia Consumer Protection Act (Count XI).

9. Thereafter, on or about February 6, 2010, the Protos filed a First Amended Complaint in Case No. CL09-2455, which purports merely to replace certain paragraphs alleged in the original Complaint, the remainder of which is incorporated by reference in the amended pleading. Copies of the original and amended Complaints (hereafter referred to collectively as the "Complaint") are attached as Exhibits A and B hereto.

10. The Complaint alleges, in support of each cause of action asserted, that Chinese drywall used in the Protos' home "is inherently defective because it emits various sulfide gases and/or other chemicals through 'off-gassing' that create noxious, 'rotten-egg-like' odors, and causes damage and corrosion (the 'Defect') to the structural, mechanical, and plumbing systems of the Proto's home..., as well as personal and other property...." See Ex. A at ¶ 2. The

Complaint alleges that the drywall has a "corrosive" effect. Id. ¶ 3.

11. The Complaint further alleges that "[t]he compounds emitted by the drywall at issue are also capable of, among other things, harming the health of individuals subjected to prolonged exposure." See Ex. A at ¶ 2.

12. The Complaint asserts property damage and bodily injury "as a result of 'off-gassing'". See Ex. A at ¶¶ 6-7.

13. The Certificate of Occupancy for the Protos' home was issued on or around July 21, 2006.

14. Pending a declaration by this Court in this declaratory judgment action, Builders Mutual is providing Futura with a defense in the Protos' lawsuit, subject to a reservation of rights.

## THE INSURANCE POLICIES

15. At Section I, Coverage A, (1)(a), the Commercial General Liability Coverage Form (hereafter, the "CGL Form") of each of the Policies provides, in relevant part, for payment of "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

16. At Section I, Coverage A, (1)(b), the CGL Form provides, in relevant part, that "[t]his insurance applies to 'bodily injury' and 'property damage' only if:

> "(1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory;' and
>
> "(2) The 'bodily injury' or 'property damage' occurs during the policy period . . ."

17. The CGL Form defines "Occurrence" to mean "an accident, including continuous

or repeated exposure to substantially the same general harmful conditions."

18. The CGL Form further provides, at Section I, Coverage A, (2) of the policy, in relevant part, that:

This insurance does not apply to:

>   (a) 'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. * * *

### *The Total Pollution Exclusion*

19. The Policies each include contain Endorsement CG 21 49, TOTAL POLLUTION EXCLUSION ENDORSEMENT (the "Total Pollution Exclusion"). The Total Pollution Exclusion excludes from coverage "'bodily injury' or 'property damage' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time."

20. The Policies each define "Pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

### *"Your Work" Exclusion*

21. Pursuant to Endorsement BCG 22 94 11 03 contained in each of the Policies, there is no coverage for "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". "Your work" is defined under the policy to mean (1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations, and includes warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'; and the providing of or failure to provide warnings or

instructions. "Product-completed operations hazard" is defined as including all "bodily injury" and "property damage" "occurring away from premises you own or rent and arising out of 'your product' or 'your work'" except "products that are still in your physical possession" or "work that has not yet been completed or abandoned."

## COUNT I
### (Declaration of Rights as to Indemnity and Defense)

22. Plaintiff incorporates the allegations contained in Paragraphs 1 - 21 of this Complaint as if set forth fully herein.

23. Any off-gassing of sulfur gases and/or other chemicals from the drywall, as alleged in the underlying Complaint, clearly constitutes the "actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time", and the compounds, which are known to be contaminants and irritants, clearly come within the definition of pollutants as "any solid, liquid, gaseous, or thermal irritant or contaminant including smoke, vapor, soot, fumes, alkalis, chemicals and waste." As such, no duty of defense or indemnity is owed to Futura by Builders Mutual because the claims alleged in the Complaint are excluded from coverage; and Builders Mutual is entitled to a declaration to that effect.

## COUNT II
### (Declaration of Rights as to Indemnity and Defense)

24. Plaintiff incorporates the allegations contained in Paragraphs 1 – 23 of this Complaint as if set forth fully herein.

25. No coverage exists for claims of property damage for the independent reason that such damage is excluded by virtue of Endorsement 22 94 11 03 of the Policies.

26. Additionally, to the extent the Amended Complaint asserts damage to property because of defective workmanship, such claims do not fall within the covered of the policies as

they do not constitute "property damage" caused by an "occurrence" as defined under the policies.

27. Also, to the extent the Amended Complaint asserts "bodily injury" or "property damage" that did not occur during the policy period, or medical monitoring as to bodily injury that has not yet occurred, such claims do not fall within the coverage of the Policies.

WHEREFORE, Plaintiff prays this Court order the following relief:

a. Determining and adjudicating the rights and liabilities of the parties under Plaintiff's policy of insurance;

b. Declaring that Plaintiff Builders Mutual Insurance Company has no duty to defend or indemnify the Futura Group LLC or any other insured under any policy issued to Bay Reflections or Futura with respect to the claims set forth in the Complaint and Amended Complaint; and

c. For such other and further relief as is just and equitable.

Dated: July 2, 2010

Respectfully submitted,

BUILDERS MUTUAL INSURANCE COMPANY
By Counsel

SANDS ANDERSON PC

_____
Kelly B. LaPar (VSB No. 76041)
SANDS ANDERSON PC
P.O. Box 1998
1111 E. Main Street, Suite 2400 (23219)
Richmond, VA 23218-1998
Phone: (804) 648-1636
Fax: (804) 783-7291

Danny M. Howell (VSB No. 30352)
Mikhael D. Charnoff (VSB No. 43929)
SANDS ANDERSON PC
1497 Chain Bridge Road
Suite 202
McLean, VA  22101
(703) 893-3600
(703) 893-8484 (facsimile)
*Counsel for Plaintiff*