## UNITED STATES DISTRICT COURT
### Eastern District of Virginia
### Norfolk Division

BUILDERS MUTUAL INSURANCE COMPANY,      :
                                        :
               Plaintiff,      :
                                        :
v.                                      :      Civil Action No.:  2:10cv324
                                        :
THE FUTURA GROUP, L.L.C., et al,        :
                                        :
               Defendants.      :

## <u>DEFENDANTS' MEMORANDUM IN SUPPORT OF<br>MOTION TO STAY ALL PROCEEDINGS</u>

COME NOW Defendants Benjamin R. Proto and Holly Proto (the "Protos"), by counsel, and as and for their Memorandum in Support of Motion to Stay all Proceedings, respectfully state as follows:

## I.    <u>INTRODUCTION</u>

1.    The Protos have sued, *inter alia*, The Futura Group, L.L.C. ("Futura") in the Virginia Beach Circuit Court, claiming breach of contract, breach of express warranties, breach of implied warranties, negligence, negligence per se, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and violation of the Virginia Consumer Protection Act.  The original Complaint was filed against The Futura Group, L.L.C. and others on or about April 21, 2009, and remains pending in the Virginia Beach Circuit Court, styled as <u>Benjamin R. Proto and Holly Proto v. The Futura Group, L.L.C., et al</u>, Case No. CL09-2455 (the "Proto Lawsuit").  See Builders Mutual Complaint at ¶¶ 8 and 9 and Exhibits A and B thereto.[1]

---

[1] Builders Mutual Insurance Company's Complaint filed herein is hereinafter cited as "Builders' Complaint at ¶ ___.

2.     Builders Mutual is providing Futura with a defense in the Protos' Lawsuit, subject to a reservation of rights.  Builders' Complaint at ¶ 14.

3.     Subsequently, Builders Mutual filed the case at bar seeking to deny insurance coverage to Futura for the claims alleged by the Protos.

4.     The Protos waived service of process in the case at bar and, with an agreed extension of time to file responsive pleadings, their responsive pleading and/or motion are due on October 11, 2010, which is a Federal holiday, Columbus Day, and, therefore, such responsive pleading and/or motion are therefore due on October 12, 2010.  To date, none of the other two (2) defendants, Futura or Bay Reflections, have been served, waived service of process or made an appearance or filed responsive pleadings.

5.     The underlying Proto Lawsuit in the City of Virginia Beach Circuit Court remains pending without resolution at this time.  The parties in that action have engaged in substantial motions practice and are conducting discovery.  The Court heard sixteen (16) different demurrers and motions over a four (4) month period of time and rendered several Orders.  The first Order denied the Demurrer of Metropolitan Property and Casualty Insurance Company which was based upon among other exclusions, the pollution exclusion and the defective construction exclusion, similar to theories relied upon by Builders Mutual in the instant case.  The Virginia Beach Circuit Court's Order was entered on October 14, 2009, overruling Metropolitan's demurrer.  See Exhibit #1.  Subsequently, the Court heard argument on numerous motions and demurrers filed by Futura, among others, and entered an Order on February 5, 2010.  See Exhibit #2.  Thereafter, the Protos filed the First Amended Complaint which is attached to Builders Mutual's Complaint filed herein as Exhibit B.

6.      A December 8, 2010, trial date was recently continued in order to permit Defendant Venture Supply Company to join the Chinese manufacturer, Taishan Gypsum Co., Ltd., f/k/a Shandong Taihe Dongxin, Co., Ltd. ("Taishan"), into the litigation and serve them.

7.      Certain factual issues in dispute in the Protos' Lawsuit have a significant bearing on insurance coverage, and Builders Mutual now seeks to have this Court determine those very factual issues rather than the Virginia Beach Circuit Court, as more fully explained in the Protos' accompanying Memorandum of Law in Support of Motion to Stay.   The four (4) factors identified by the Fourth Circuit in Nautilus Insurance Co. v. Winchester Homes, Inc., 15 F.3d 371, 376-77 (4th Cir. 1994), weigh in favor of staying this case, also as more fully set forth in the accompanying Memorandum of Law in Support of Motion to Stay.   The accompanying Memorandum of Law filed pursuant to Local Rules, is hereby incorporated by reference as if fully set forth herein.

8.      In light of the outstanding disputes at issue in the Protos' Lawsuit, the Protos seek to stay all further proceedings in the case at bar pending resolution of that action.

9.      Builders Mutual now seeks to avoid its duty to defend its insureds in the underlying Proto Lawsuit and to obtain a declaration that it does not owe any coverage for such duty or for indemnity concerning the Protos' claims in the underlying Proto Lawsuit – although liability has not been fixed at this time.

II.    **ARGUMENT**

    A.      **APPLICABLE LAW**

The District Court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants."  Landis v. North

American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). This is best accomplished by the exercise of judgment, which must weigh competing interests and maintain an even balance. Landis, 299 U.S. at 254-255.

In the declaratory judgment context, the normal principle that Federal Courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration. Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); see also Brillhart v. Excess Ins. Co., 316 U.S. 491, 494-95, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)(district courts are under no compulsion to exercise jurisdiction over declaratory judgment action). The Fourth Circuit has long recognized the discretion afforded to District Courts in determining whether to render declaratory relief. Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 421-22 (4th Cir. 1998). Accordingly, the Fourth Circuit reviews District Court decisions to decline to exercise jurisdiction for abuse of that discretion. Id. at 421. When parallel or related proceedings are pending in a state court, the U.S. District Court considering hearing a declaratory judgment action "should ascertain whether the questions in controversy between the parties to the federal suit…can better be settled in the proceeding pending in state court." Brillhart, 316 U.S. at 495. In such situations, Federal Courts must weigh "considerations of federalism, efficiency and committee." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998)(quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994)); see also Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 412 (4th Cir. 2004).

The Fourth Circuit has required District Courts to consider the following four (4) factors when deciding whether to hear a declaratory judgment action when a related state-court proceeding exists:

(1)     Whether the state has a strong interest in having the issues decided in its courts;

(2)   Whether the state courts could resolve the issues more efficiently than the federal courts;

(3)   Whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and

(4)   Whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum shopping.

Kapiloff, 155 F.3d at 493 (*quoting* Nautilus Ins., 15 F.3d at 377).

**B.   STAYING THIS ACTION IS NECESSARY TO AVOID UNNECESSARY ENTANGLEMENT WITH THE VIRGINIA BEACH CIRCUIT COURT PROCEEDINGS IN THE PROTOS' LAWSUIT**

In Builders Mutual's Complaint, they seek this Court's declaratory judgment that:

1.   No duty of defense or indemnity is owed to Futura by Builders Mutual because the claims alleged in the Complaint in the Protos' Lawsuit are excluded from coverage under the "pollution exclusion".  See Count I, Paragraph 23;

2.   No coverage exists for claims of property damage because such damage is excluded by virtue of the "Your Work" Exclusion.  See Count II, Paragraph 25;

3.   To the extent the Protos' Amended Complaint asserts damage to property because of defective workmanship, such claims do not fall within the coverage of their policy because the do not constitute "property damage" caused by an "occurrence" as defined in their policies.  See Count II, Paragraph 26; and

4.   To the extent the Protos' Amended Complaint asserts "bodily injury" or "property damage" that did not occur during the policy period, or medical monitoring as to bodily injury that has not yet occurred, such damage does not fall within the coverage of their policies.  See Count II, Paragraph 27.

By requesting this Court to make such declarations, Builders Mutual must, by necessity, present and prove the same or substantially similar facts as are at issue in the Protos' Lawsuit pending in Virginia Beach Circuit Court.  Because the facts that must be presented and proved are the same

5

or substantially similar, then this Court risks intruding on the fact-finding function of the jury in the Virginia Beach Circuit Court Proto Lawsuit.

For example, in the state court action, in connection with the declaratory judgment count against Metropolitan, the Court or the jury will be required to determine whether the compounds emanating from the Chinese drywall constitute an actual, alleged or threatened discharge, dispersal, seepage, migration release or escape, whether such compounds emanating from the Chinese drywall are, in fact, pollutants, what causes these compounds to emanate from the Chinese drywall, and whether these compounds, in fact, caused the damaged claimed by the Protos. All of these facts must be determined in both the underlying Proto Lawsuit and Builders Mutual's declaratory judgment action in the instant case.

Furthermore, in the underlying Proto Lawsuit, which names Futura as the general contractor, Venture Supply Company as the supplier of Chinese drywall, Scott Taylor Plastering, Inc. as the installer of the Chinese drywall and Tobin Trading as the importer of the Chinese drywall, the Virginia Beach Circuit Court jury will determine who performed what work and whether it proximately caused the damages which the Protos seek. Similarly, because Builders Mutual relies upon the "Your Work" Exclusion in the instant case, it will be required to prove the work performed by Futura, as opposed to the work performed by its subcontractors.[2]

In addition, Builders Mutual contends that the Protos' Amended Complaint asserts damage to property because of defective workmanship and such claims are not within their policy coverage provision because they do not constitute "property damage" caused by an

---

[2] Although Builders Mutual does not include a copy of the policy or the specific "Your Work" Exclusion, this standard liability policy exclusion normally includes an "exception" to the exclusion whereby work performed by Futura's subcontractors is excepted from the exclusion. In other words, coverage is afforded for defective work caused by Futura's subcontractors where such defective work causes damage to work performed by others. See, for example, Stanley Martin Companies, Inc. v. Ohio Cas. Group, 313 Fed.Appx. 609, 2009 WL 367589 (4th Cir. 2009)(where Fourth Circuit held that any damage subcontractor's defective work caused to insured's non-defective work caused to insured's non-defective work constituted an "occurrence" under commercial general liability policy under Virginia law.

"occurrence" as defined under their policies.  Therefore, Builders Mutual must, by necessity, offer and prove facts relating to defective workmanship, who performed it, and whether it caused the damage which is the subject of the Protos' claims.  These facts are identical to the facts that the Protos must offer and prove in the underlying Proto Lawsuit in connection with their numerous counts against the numerous defendants.

Finally, Builders Mutual contends that, to the extent the Protos' Amended Complaint asserts "bodily injury" or "property damage" that did not occur during the policy period, or medical monitoring as to bodily injury that has not yet occurred, such claims do not fall within the coverage of their policies.  To prove such lack of coverage, Builders Mutual must offer and prove what "bodily injury" or what "property damage" did occur and when it occurred.  This is the identical proof that the Protos must prove in the underlying Proto Lawsuit in its various Counts against various defendants.

The issue of abstention in a declaratory judgment action was recently raised under analogous circumstances in this District.  District Judge Henry Hudson, in Auto-Owners Ins. Co. v. Waters, 2009 LEXIS 96993 (E.D.Va. 2009), stayed the Federal declaratory judgment action brought by the insurer under analogous circumstances.  Judge Hudson highlighted the third factor in ultimately granting the motion to stay, stating as follows:  "The importance of this factor rests in the fact that 'if the federal court reached final judgment before the state court, its resolution of those common issues might be entitled to preclusive effect in the state action.'"  Id. at *16.  Such action would create disarray in the state court case by foreclosing some issues but leaving others requiring "full scale resolution."  Id. at *16-*17 (quoting Mitch Mitcheson v. Harris, 955 F.2d 235, 239-40 (4th Cir. 1992).

It is clear, therefore, that identical or substantially similar facts are at issue before the Circuit Court of the City of Virginia Beach and this Court. If this Court were to proceed with determining the declaratory judgment action, it would intrude upon the fact finding functions of the jury in the underlying Proto Lawsuit and would result in unnecessary entanglement between federal and state legal systems.

## C.    THE <u>NAUTILUS</u> FACTORS FAVOR A STAY OF THIS CASE

As argued in Section II, B., hereinabove, the third <u>Nautilus</u> factor weighs in favor of this Court staying all further action in this matter until the Virginia Beach Circuit Court is able to resolve critical issues affecting the outcome in the case now pending before it. In addition, the three (3) remaining <u>Nautilus</u> factors also support a stay of this case.

First, Virginia law governs the present diversity action between a North Carolina plaintiff insurer and three (3) Virginia defendants. Therefore, the Commonwealth of Virginia and its Circuit Court in the City of Virginia Beach has a relatively strong interest in deciding the issues discussed in Section II, B., hereinabove.

Second, the underlying State Court action may be more efficiently resolved in Virginia Beach Circuit Court because Futura and the Protos have been litigating their case there for a year and a half, have conducted substantial motions practice and obtained several rulings of the Court in connection therewith and have conducted substantial discovery. Furthermore, if Futura is not found liable in the underlying Proto Lawsuit, there will be no need to obtain a declaratory judgment from this or any other court on the issue of Builders Mutual's obligation of indemnity.

Finally, to determine the fourth <u>Nautilus</u> factor, whether the federal action is merely "procedural fencing", the Court must assess whether "the action is merely the product of forum shopping." <u>Penn-America Ins. Co.</u>, 368 F.3d at 412. There is no doubt that the Virginia Beach

Circuit Court's overruling of Metropolitan's Demurrer, which relied upon the pollution exclusion and the defective constructive exclusion, similar to arguments made herein by Builders Mutual, that Builders Mutual would prefer not to litigate its coverage issues before that Court.  Instead, based upon the recent decision of the Honorable Robert G. Doumar, District Court Judge, in Travco Ins. Co. v. Ward,  ___  F.Supp.  ___, 210 WL 22222, 55 E.D.Va., June 3, 2010, No. 2:10cv14 (E.D.Va. Mar. 30, 2010).  Builders Mutual most likely views the U.S. District Court for the Eastern District of Virginia as a more favorable forum for its contentions.

## III.   **CONCLUSION**

Based upon the foregoing, the Protos request that this Court grant their Motion to Stay All Proceedings.


**BENJAMIN R. PROTO**
**and**
**HOLLY PROTO**


/s/ James T. Lang

By _____

Of Counsel


William A. Lascara, Esquire (VSB No. 23118)
wlascara@pendercoward.com
James T. Lang, Esquire (VSB No. 65153)
jlang@pendercoward.com
Alysha N. Fulkerson, Esquire (VSB No. 76751)
afulkerson@pendercoward.com
**PENDER & COWARD, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia  23462
(757) 490-6265 – Telephone
(757) 456-2935 – Facsimile
*Counsel for Benjamin R. Proto and Holly Proto*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kelly B. LaPar, Esquire
Sands Anderson
1111 East Main Street
Post Office Box 1998
Richmond, VA 23218-1998
KLaPar@SandsAnderson.com
*Counsel for Builders Mutual Insurance Company*

/s/ James T. Lang
_____
James T. Lang

William A. Lascara, Esquire (VSB No. 23118)
wlascara@pendercoward.com
James T. Lang, Esquire (VSB No. 65153)
jlang@pendercoward.com
Alysha N. Fulkerson, Esquire (VSB No. 76751)
afulkerson@pendercoward.com
**PENDER & COWARD, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia  23462
(757) 490-6265 – Telephone
(757) 456-2935 – Facsimile
*Counsel for Benjamin R. Proto
and Holly Proto*

\\pender-apps\sys1\users\dreid\WPFILES\PROTO\Builders Mutual\Memo in Support of Motion for Stay.doc

10