UNITED STATES DISTRICT COURT
Eastern District of Virginia
Norfolk Division

BUILDERS MUTUAL INSURANCE COMPANY,    :
                                      :
             Plaintiff,               :
                                      :
v.                                    :   Civil Action No.: 2:10cv324
                                      :
THE FUTURA GROUP, L.L.C., et al,      :
                                      :
             Defendants.              :

### DEFENDANTS' REBUTTAL BRIEF IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS

COME NOW Defendants Benjamin R. Proto and Holly Proto (the "Protos"), by counsel, and as and for their Rebuttal Brief in Support of Motion to Stay all Proceedings, respectfully state as follows:

**I.     INTRODUCTION**

The Protos have sued, *inter alia*, The Futura Group, L.L.C. ("Futura") in the Virginia Beach Circuit Court, claiming breach of contract, breach of express warranties, breach of implied warranties, negligence, negligence per se, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and violation of the Virginia Consumer Protection Act. Builders Mutual is providing Futura with a defense in the Protos' Lawsuit, subject to a reservation of rights. Builders' Complaint at ¶ 14. Subsequently, Builders Mutual filed the case at bar seeking to deny insurance coverage to Futura for the claims alleged by the Protos. The Protos filed a Motion to Stay all Proceedings and Memorandum of Support Thereof on October 11, 2010. Builders Mutual filed a Memorandum in Opposition to Motion to Stay all Proceedings on October 25, 2010.

The Fourth Circuit has required District Courts to consider the following four (4) factors when deciding whether to hear a declaratory judgment action when a related state-court proceeding exists:

(1) Whether the state has a strong interest in having the issues decided in its courts;
(2) Whether the state courts could resolve the issues more efficiently than the federal courts;
(3) Whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and
(4) Whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum shopping.

Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376, 377. The Protos rely upon the arguments raised in their Memorandum in Support of Motion to Stay all Proceedings. Additionally, the following rebuttal arguments make clear that the first, third and fourth prongs of Nautilus favor a stay of this case.

## II. ARGUMENT

### A. THE COVERAGE ISSUE IN THIS CASE INVOLVES UNSETTLED QUESTIONS OF VIRGINIA LAW AND VIRGINIA HAS A STRONG INTEREST IN HAVING THE ISSUES DECIDED IN ITS COURTS.

Builders Mutual miscategorizes the present declaratory judgment action as involving only issues of settled Virginia law. Mem. at 13-14. Federal courts may use their discretion to abstain in this context "only when the questions of state law involved are difficult, complex, or unsettled." Great American Ins. Co. v. Gross, 468 F.3d 199, 211 (4th Cir. 2006); *see also* Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 414 (4th Cir. 2004) ("[T]he State's interest in 'not particularly' significant where any state law issues are standard and **'unlikely to break new ground.'**") [Emphasis provided].

2

Resolution of the instant declaratory judgment action involves several issues of unsettled Virginia law. In fact, the underlying state action involves two groundbreaking state law issues: the application of the "Pollution Exclusion" to the confines of a dwelling and the effect of an "Ensuing Loss" clause on the "Pollution Exclusion", the "Defective Construction Exclusion" and the "Corrosion Exclusion". A Virginia court has only once addressed a "Pollution Exclusion" and such case was a traditional environmental case involving the pollution of a river. *See* City of Chesapeake v. States Self-Insurers Risk Retention Group, Inc., 271 Va. 574 (2006). The coverage issue herein—whether the "Pollution Exclusion" applies in the confines of a dwelling—is completely unique and undecided in Virginia. Furthermore, Virginia has never addressed to what extent "Ensuing Loss" provisions restore coverage otherwise excluded under a policy. See Memorandum in Opposition to Defendant Metropolitan Property and Casualty Insurance Company's Motion for Summary Judgment and in Support of Proto's Motion for Summary Judgment served this date in the underlying Virginia Beach Circuit Court case attached as Exhibit #1 hereto. Accordingly, Virginia has a strong interest in having these issues decided in its courts and this Court must therefore stay all proceedings.

B.  **THE DUTY-TO-DEFEND QUESTION IN THIS CASE REQUIRES THE COURT TO RESOLVE OVERLAPPING ISSUES OF FACT OR LAW THAT WOULD CAUSE ENTANGLEMENT BETWEEN THE STATE AND FEDERAL COURT SYSTEMS.**

The Protos explained, beginning on Page 5 of their Memorandum in Support of Motion to Stay All Proceedings, that this Court must make findings regarding the same or substantially similar facts as are at issue in the underlying state action. Accordingly, this action should be stayed to avoid unnecessary entanglement with such state action—the third prong in Nautilus.

Builders Mutual incorrectly contends this Court need not and cannot make factual determinations to determine whether there is coverage for the underlying claim. Mem at 6-10.

Case law is clear that courts determine on a case-by-case basis whether a duty-to-defend question requires courts to resolve overlapping issues of fact or law resulting in unnecessary "entanglement" between the state and federal courts. In Virginia, an insurer's duty to defend "arises whenever the complaint alleges facts and circumstances, some of which would, if proved, fall within the risk covered by the policy." CACI Intern. V. St. Paul Fire and Marine Ins. Co., 567 F. Supp. 2d 824, 829 (E.D. Va. 2008) (*citing* Lerner v. General Ins. Co. of Am., 219 Va. 101, 245 S.E.2d 249, 251 (1978). This rule, often known as the "Eight Corners Rule" requires a court to compare the four corners of the insurance policy against the four corners of the underlying complaint and if any allegations may potentially be covered by the policy, the insurer has a duty to defend. Id. Courts may only consider the complaint and all evidence intrinsic thereto when applying the Eight Corners Rule. Id. at 831. Doing so, however, may still require the resolution of overlapping issues of fact or law that would cause unnecessary entanglement between state and federal courts—which is precisely why Judge Hudson granted the defendants' Motion to Stay in Auto-Owners, et al. v. Waters, et al., Civil Action No. 3:09CV134-HEH, 2009 WL 3378657 (E.D. Va. October 20, 2009).

Builders Mutual incorrectly contends Waters did not involve a duty to defend and is therefore inapplicable. Mem. at 12. In Waters two insurers filed, in the District Court for the Eastern District of Virginia, a declaratory judgment action seeking a declaration that they have no duty to defend or indemnify any of the defendants in the underlying claim pending in Goochland Circuit Court in Virginia. Id. at *2. The individual defendant in the underlying claim was a Dish Network technician, Mr. Waters, who committed an act of sexual battery

against a homeowner's daughter during a service call. Id. at *1. The child's parents filed suit against Mr. Waters, Echostar, (the parent company of Dish Network), and Rocking "R" (a Dish Network retailer), for sexual assault and battery, assault, battery, intentional infliction of emotional distress, negligent hiring/retention, and a claim for medical expenses. Id. at *2. The insurers asserted no duty to defend or indemnify was owed to any of the defendants in the underlying action for the following reasons: i) the defendants breached the notice provisions of the insurance policies; ii) their actions were not "occurrences" under the policies; iii) their actions were excluded under the policies; and iv) certain defendants do not qualify as insureds under the policies. Id. Judge Hudson held that the third prong in Nautilus justified staying the declaration judgment proceedings because the presence of overlapping issues of fact or law might create three areas of unnecessary entanglement between the state and federal courts. Id. at *5. First, the district court must decide whether the technician was an independent contractor or an employee. Second, the determination of what constitutes an "occurrence" under the policy could only be decided by analyzing the acts of the technician and the hiring decisions of the corporate defendants, which could have a preclusive effect on the underlying state case. Last, discovery in the federal court would entangle it with the state proceeding. Id.

CACI Intern. V. St. Paul Fire and Marine Ins. Co., 567 F. Supp. 2d 824, 829 (E.D. Va. 2008) provides an example of circumstances wherein a court applies the Eight Corners Rule to discern whether the insurer has a duty to defend under the policy but must also make independent factual determinations in order to do so. The insurance policy in St. Paul excluded from coverage injuries caused by events that happen or offenses committed outside the coverage territory unless...the employee's absence from the coverage territory is for "a short time"...Id. at

830. The policy did not define "short time" and the court relied upon its own inferences to determine that the period in question was not a "short time". Id.

Thus, the Eight Corners Rule does not prohibit this Court from making independent factual determinations in deciding whether an insurer has a duty to defend. Rather, the Eight Corners Rule simply dictates a court may only consider the complaint, and all evidence intrinsic thereto, when making such factual determinations. Accordingly, the third prong of Nautilus can absolutely be implicated in declaratory judgment actions regarding an insurer's duty to defend the underlying claim. As previously argued in the Protos' Memorandum in Support of Motion to Stay All Proceedings, the presence of "overlapping issues of fact or law" create unnecessary "entanglement" between this Court and the Circuit Court for the City of Virginia Beach and this Court should stay all proceedings herein.

C. **THIS DECLARATORY JUDGMENT ACTION IS MERE PROCEDURAL FENCING AND THIS ACTION IS THE PRODUCT OF FORUM SHOPPING**

Builders Mutual suggests that an insurer's filing of a complaint for a declaratory judgment action in this context will never be deemed forum shopping or otherwise justify staying the declaratory judgment proceedings based upon the fourth prong of Nautilus. Mem. at 15-16. To the contrary, courts still consider this prong on a case-by-case analysis to determine "whether a party has raced to the federal court in an effort to get certain issues that are already pending before the state court resolved first in a more favorable forum". Auto-Owners, et al. v. Waters, et al., Civil Action No. 3:09CV134-HEH, 2009 WL 3378657, *6 (E.D. Va. October 20, 2009); see also Penn-America Ins. Co. v. Coffey, 368 F.3d 409, 412 (4th Cir. 2004) (determining that neither party advanced convincing evidence of procedural fencing).

Thus, this Court must decide whether this declaratory judgment action is mere procedural fencing. The Protos rely upon the arguments raised in their Memorandum in Support of Motion to Stay All Proceedings, which demonstrate that, under these circumstances, the filing of this action constitutes forum shopping and the Court should stay all proceedings.

### III. CONCLUSION

Based upon the foregoing, the Protos request that this Court grant their Motion to Stay All Proceedings.

**BENJAMIN R. PROTO**
**and**
**HOLLY PROTO**

By  /s/ James T. Lang
                    Of Counsel

William A. Lascara, Esquire (VSB No. 23118)
wlascara@pendercoward.com
James T. Lang, Esquire (VSB No. 65153)
jlang@pendercoward.com
Alysha N. Fulkerson, Esquire (VSB No. 76751)
afulkerson@pendercoward.com
**PENDER & COWARD, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia  23462
(757) 490-6265 – Telephone
(757) 456-2935 – Facsimile
*Counsel for Benjamin R. Proto and Holly Proto*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of November, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Kelly B. LaPar, Esquire
Sands Anderson
1111 East Main Street
Post Office Box 1998
Richmond, VA 23218-1998
KLaPar@SandsAnderson.com
*Counsel for Builders Mutual Insurance Company*

/s/ James T. Lang
_____
James T. Lang

William A. Lascara, Esquire (VSB No. 23118)
wlascara@pendercoward.com
James T. Lang, Esquire (VSB No. 65153)
jlang@pendercoward.com
Alysha N. Fulkerson, Esquire (VSB No. 76751)
afulkerson@pendercoward.com
**PENDER & COWARD, P.C.**
222 Central Park Avenue, Suite 400
Virginia Beach, Virginia 23462
(757) 490-6265 – Telephone
(757) 456-2935 – Facsimile
*Counsel for Benjamin R. Proto
and Holly Proto*

F:\USERS\dreid\WPFILES\PROTO\Builders Mutual\Rebuttal Brief. Motion for Stay.doc